# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

BRADLEY LEWIS                                                              PLAINTIFF

V.                          CASE NO. 3:16-CV-00227 BD

NANCY A. BERRYHILL, Acting Commissioner
Social Security Administration                                             DEFENDANT

## ORDER

### I. Introduction:

Plaintiff Bradley Lewis applied for disability benefits on April 1, 2014, alleging a disability onset date of January 23, 2014. (Tr. at 93-96) After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 89) The Appeals Council denied his request for review. (Tr. at 1) The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Lewis has requested judicial review.

For the reasons stated below, the Court[1] affirms the decision of the Commissioner.

### II. The Commissioner's Decision:

The ALJ found that Mr. Lewis had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 82) At Step Two of the five-step process, the ALJ found that Mr. Lewis has the following severe impairments: diabetes mellitus, hypertension, dyslipidemia, and morbid obesity. *Id*.

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

After finding that Mr. Lewis's impairments did not meet or equal a listed impairment (Tr. at 82), the ALJ determined that Mr. Lewis had the residual functional capacity ("RFC") to perform sedentary work with additional limitations. He could: lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk two hours in an eight-hour workday; sit six hours in an eight-hour workday with a sit/stand option of sitting for one-hour intervals and standing for 30-minute intervals; and push and/or pull 10 pounds occasionally and less than 10 pounds frequently. (Tr. at 83) He could not climb more than one or two stairs. *Id.*

The ALJ found that Mr. Lewis was unable to perform his past relevant work. (Tr. at 87) At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Mr. Lewis's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform at the sedentary level. (Tr. at 88) Based on that Step Five determination, the ALJ held that Mr. Lewis was not disabled. (Tr. at 89)

## III. Discussion:

### A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009)(citations omitted). The Court must consider not only evidence that supports the

Commissioner's decision, but also evidence that supports a contrary outcome. Even so, the Court cannot reverse the Commissioner's decision, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B.  Mr. Lewis's Argument on Appeal

Mr. Lewis argues that substantial evidence does not support the ALJ's decision to deny benefits because the ALJ's Step Five determination that he could perform other work in the national economy was error. He alleges that he cannot perform even limited sedentary work.

Mr. Lewis only addresses his obesity in his brief, but the Court finds that the evidence supports the conclusion that no impairment, singly or in combination, precludes sedentary work.

On November 14, 2011, Mr. Lewis underwent surgery to repair a torn Achilles tendon in his left foot. (Tr. at 318)  On December 18, 2013, he presented to Ruth Thomas, M.D., who found that he was doing well since surgery and was able to increase his mobility. *Id.*  This contrasts with Dr. Ronald Smith's conclusion that Mr. Lewis "got very poor results" from the surgery. (Tr. at 321-323)  Physician opinions that are inconsistent are entitled to less deference than they would receive in the absence of inconsistencies. *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005); *Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010)(medical opinions do not control in the face of other credible evidence in the record that detracts from that opinion).

Dr. Smith's opinion that the surgery yielded poor results also contrasts with a December 2015 report that Mr. Lewis was much better after physical therapy on his foot. (Tr. at 467-469) In fact, every clinic note from physical therapy from April 21, 2014 to February 24, 2015 indicated that Mr. Lewis was progressing as expected. (Tr. at 329-254) This progress in physical therapy undercuts a letter from Mr. Lewis's chiropractor that he deserved disability due to severe and debilitating illness. (Tr. at 328) The letter references neither objective testing nor any specific body part in its vague conclusion. A conclusory opinion has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012).

Mr. Lewis's improvement since surgery is reflected in his various activities of daily living. Not only did he work and attend full-time classes since the alleged onset date, but he also did laundry, washed dishes, shopped in stores, drove and rode in a car, attended church, and visited with friends and family. (Tr. at 65-67, 243-245) Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). Additionally, Mr. Lewis's treatment for heel or ankle pain was conservative in nature– limited to therapy and medication. The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

Two state-agency medical consultants reviewed the medical records and found Mr. Lewis capable of performing sedentary work. (Tr. at 101, 122) The ALJ gave these opinions great weight. (Tr. at 86)

Mr. Lewis argues that the ALJ did not consider his obesity in making the disability determination. First, the ALJ did address obesity in his opinion, noting that had considered it in combination with Mr. Lewis's other conditions. (Tr. at 83) Second, obesity did not appear to limit Mr. Lewis in any way from engaging in physical activities such as doing chores, shopping, and attending church. And finally, the ALJ accounted for limitations based on obesity by restricting Mr. Lewis to sedentary work with very limited stair climbing. *Id.*

Mr. Lewis asserts that it was error to find at Step Five that he could perform sedentary work. The Commissioner has the burden of production at Step Five of the disability-determination process to establish that the claimant maintains the residual functional capacity to perform a significant number of jobs within the national economy. *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000). The Commissioner may meet his burden at Step Five by eliciting testimony from a VE in response to "a properly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies." *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997). A hypothetical question is properly formulated if it sets forth impairments "supported by substantial evidence in the record and accepted as true by the ALJ." *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) Any alleged impairments properly rejected by an ALJ as untrue or unsubstantiated need not be included in a hypothetical question. *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001).

The hypothetical posed to the VE included physical restrictions evidenced by the findings in the medical record. The medical evidence, taken with Mr. Lewis's own testimony about his activities, supports a sedentary RFC, and the VE provided jobs that aligned with that level of work. The Court concludes that the ALJ met his Step Five burden.

**IV. <u>Conclusion</u>:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ fulfilled his Step Five burden to produce evidence that Mr. Lewis could perform work in the national economy. The finding that Mr. Lewis was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is, affirmed. The case is dismissed, with prejudice.

IT IS SO ORDERED this 2nd day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE